UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
COURT FILE NO.: 18-cv-1746

| | |
|---|---|
| Elizabeth Stewart,<br><br>      Plaintiff,<br>v.<br><br>Kohl's Department Stores, Inc., Capital One Financial Corporation, and TransUnion, LLC,<br><br>      Defendants. | **COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

## INTRODUCTION

1. This action arises out of Kohl's Department Stores, Inc's (hereinafter "Defendant KDS"), Capital One Financial Corporation's (hereinafter "Defendant COF"), and TransUnion, LLC's (hereinafter "Defendant TU") (collectively hereinafter "Defendants") violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq*.

## JURISDICTION

2. Jurisdiction of this Court is proper pursuant to 15 U.S.C. § 1681 and 28 U.S.C. § 1331.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because the Defendants reside in this District and a substantial part of the acts or omissions giving rise to this action occurred in this District.

## PARTIES

4. Plaintiff, Elizabeth Stewart (hereinafter "Plaintiff") is a natural person who resides in Milwaukee, Wisconsin and is a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

5. Defendant KDS is a foreign corporation incorporated under the laws of the state of Delaware; is authorized to do business in the state of Wisconsin; has a principal place of business located at 1209 Orange Street, Wilmington, Delaware 19801; and has a registered agent located at 4650 W Spencer Street, Appleton, Wisconsin 54914.

6. Defendant COF is a foreign corporation incorporated under the laws of the state of Delaware; is authorized to do business in the state of Wisconsin; and has a principal executive office located at 1680 Capital One Drive, McLean, Virginia 22102.

7. Defendant TU is a foreign corporation incorporated under the laws of the state of Delaware; is authorized to do business in the state of Wisconsin; and has a registered agent located at 2345 Rice Street, Suite 230, Roseville, Minnesota 55113. Defendant TU is a "consumer reporting agency," as defined by 15 U.S.C. § 1681a(f), regularly engaged in the business of assembling, evaluating, and dispersing information concerning consumers for the purpose of furnishing "consumer reports," as defined by 15 U.S.C. § 1681a(d), to third parties.

## FACTUAL ALLEGATIONS

8. On or about January 8, 2018, Plaintiff went to Defendant KDS' brick and mortar location at 2315 N. 124th Street, Brookfield, Wisconsin 53005 to purchase a lamp for her home.

9. While there, Defendant KDS' agent, clutching a handheld computer, approached Plaintiff and offered to assist her.

10. Defendant KDS' agent then led Plaintiff to the appropriate area of the store.

11. While doing so, Defendant KDS' agent asked Plaintiff if she had a Defendant KDS' credit card.

12. Plaintiff responded that she did.

13. Defendant KDS' agent asked Plaintiff if it was in her own name.

14. Plaintiff responded that it was.

15. After a short while, while Plaintiff was browsing through the available lamps, Defendant KDS' agent asked Plaintiff to supply her name, address, and date of birth.

16. Confused, Plaintiff asked for an explanation.

17. Defendant KDS' agent responded by telling Plaintiff that she needed to verify that Plaintiff's credit card was "valid."

18. Plaintiff supplied Defendant KDS' agent with her name and verified both her address and date of birth.

19. Plaintiff stated that she was certain her credit card was valid as she had recently used it to make a purchase.

20. Defendant KDS' agent asked Plaintiff to supply her social security number so that, again, she could verify that Plaintiff's credit card was "valid."

21. Plaintiff refused to do so.

22. Once again, Plaintiff stated that she was certain her credit card was valid.

23. Plaintiff then purchased her lamp and left Defendant KDS' brick and mortar location.

24. Unbeknownst to Plaintiff, Defendant KDS' agent had stolen her identity and had submitted an application for a credit card on her behalf.

25. Consequently, later that day on January 8, 2018, Defendant KDS and Defendant COF obtained and used a copy of Plaintiff's consumer credit report.

26. Defendant TU facilitated such by furnishing Plaintiff's consumer credit report to Defendant KDS and Defendant COF, without a permissible purpose for doing so, in violation of 15 U.S.C. § 1681b(a).

27. However, Defendant KDS and Defendant COF obtained and used a copy of Plaintiff's consumer credit report without a permissible purpose for doing so, in violation of 15 U.S.C. § 1681b(f).

28. On or about January 11, 2018, Plaintiff received a letter from Defendant KDS stating, in pertinent part:

> Re: Application Number: 0111314103
>
> Thank you for your recent application for a Kohl's Credit Card account issued by Capital One, N.A. Due to the status of an existing Kohl's account we cannot approve your current request.

29. Plaintiff realized that Defendant KDS' agent had stolen her identity and had submitted an application for a credit card on her behalf.

30. Plaintiff immediately contacted Defendant KDS' Fraud Department and Application Team.

31. Defendant KDS' agent from the Application Team informed Plaintiff that the credit card application had been generated on January 8, 2018, at Defendant KDS' brick and mortar location in Brookfield, Wisconsin.

32. Defendant KDS' agent from the Application Team further informed Plaintiff that the credit card application had been submitted by Defendant KDS' agent, associate number 1631538.

33. Plaintiff immediately realized that Defendant KDS' agent that had stolen her identity was the agent she had spoken with on January 8, 2018, and who she had refused to supply her social security number to. Plaintiff further realized that Defendant KDS' agent had necessarily supplied another individual's social security number, masquerading as Plaintiff's social security number, in order to submit the credit card application.

34. Defendant KDS' agent from the Application Team ensured Plaintiff that Defendant KDS would inform the credit reporting agencies of what had occurred so that Plaintiff's consumer credit report and credit score would be accurate.

35. Shortly thereafter, Defendant requested copies of her consumer credit reports from the various credit reporting agencies.

36. On January 15, 2018, Plaintiff sent Defendant KDS a letter detailing what had occurred on January 8, 2018; the contents of the letter she had received from Defendant KDS on or about January 11, 2018; her concerns over what had occurred; and demanding that Defendant KDS conduct an investigation and communicate to Plaintiff the results of such investigation.

37. On or about January 17, 2018, Plaintiff received a letter from Defendant KDS stating, in pertinent part, that Defendant KDS had contacted the credit reporting agencies to remove any reference to Defendant KDS' and Defendant COF's January 8, 2018, inquiries.

38. Upon information and belief, Defendant KDS did contact the various credit reporting agencies, including Defendant TU, and, given the circumstances, instructed that they remove any reference to Defendant KDS' and Defendant COF's January 8, 2018, inquiries contained in Plaintiff's consumer credit reports.

39. On or about January 30, 2018, Plaintiff received copies of her consumer credit reports from the various credit reporting agencies.

40. Plaintiff's consumer credit report supplied by Experian Information Solutions, Inc. contained no reference to Defendant KDS' and Defendant COF's January 8, 2018, inquiries.

41. Plaintiff's consumer credit report supplied by Equifax Information Services, LLC contained no reference to Defendant KDS' and Defendant COF's January 8, 2018, inquiries.

42. However, Plaintiff's consumer credit report supplied by Defendant TU did contain a reference to Defendant KDS' and Defendant COF's January 8, 2018, inquiries.

43. Given Defendant KDS' assurances, Plaintiff assumed that though her consumer credit report supplied by Defendant TU hadn't yet been corrected, that it would be promptly, in accordance with Defendant TU's duties imposed by 15 U.S.C. § 1681e(b).

44. On or about February 12, 2018, Plaintiff received a letter from Defendant KDS stating, in pertinent part, that Defendant KDS had "sent an electronic update" to the various credit reporting agencies, including Defendant TU, to remove any reference to Defendant KDS' and Defendant COF's January 8, 2018, inquiries.

45. Upon information and belief, Defendant KDS did send an electronic update to Defendant TU to remove any reference to Defendant KDS' and Defendant COF's January 8, 2018, inquiries.

46. On or about September 26, 2018, Plaintiff received a copy of her consumer credit report from Defendant TU.

47. Plaintiff's consumer credit report supplied by Defendant TU contained a reference to Defendant KDS' and Defendant COF's January 8, 2018, inquiries.

48. Had Defendant TU followed reasonable procedures when preparing Plaintiff's consumer credit report, it would have reviewed the documentation provided to it from Defendant KDS and would have removed any reference to Defendant KDS' and Defendant COF's January 8, 2018, inquiries contained in Plaintiff's consumer

7

Case 2:18-cv-01746-PP   Filed 11/02/18   Page 7 of 11   Document 1

credit report, given that such inquiries were conducted without a permissible purpose, in violation of 15 U.S.C. § 1681b(f).

49. Instead, Defendant prepared Plaintiff's consumer credit report without following reasonable procedures to ensure maximum possible accuracy, in violation of 15 U.S.C. § 1681e.

50. As a result of Defendants' conduct, both acts and omissions, Plaintiff has experienced reduction of her credit score and profile, mental anguish and emotional distress including, but not limited to, anger, frustration, stress, and anxiety.

## TRIAL BY JURY

51. Plaintiff is entitled to, and hereby demands, a trial by jury. U.S. Const. amend. VII; Fed. R. Civ. P. 38.

## CAUSES OF ACTION

### COUNT I.
### VIOLATIONS OF THE FAIR CREDIT REPORTING ACT

**Against All Defendants**

52. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

53. On January 8, 2018, Defendant TU furnished Plaintiff's consumer credit report to Defendant KDS and Defendant COF, without a permissible purpose for doing so, in violation of 15 U.S.C. § 1681b.

54. Defendant KDS' and Defendant COF's violations were willful, rendering them liable for damages in an amount to be determined by the Court, pursuant to 15 U.S.C. § 1681n.

55. Alternatively, Defendant KDS' and Defendant COF's violations were negligent, rendering them liable for damages, pursuant to 15 U.S.C. § 1681o.

56. On January 8, 2018, Defendant KDS and Defendant COF obtained and used Plaintiff's consumer credit report, without a permissible purpose for doing so, in violation of 15 U.S.C. § 1681b(f).

57. Thereafter, upon information and belief, Defendant KDS contacted the various credit reporting agencies, including Defendant TU, and, given the circumstances, instructed that they remove any reference to Defendant KDS' and Defendant COF's January 8, 2018, inquiries contained in Plaintiff's consumer credit reports.

58. Notwithstanding, on or about September 26, 2018, Plaintiff received a copy of her consumer credit report from Defendant TU which contained a reference to Defendant KDS' and Defendant COF's January 8, 2018, inquiries.

59. Had Defendant TU followed reasonable procedures when preparing Plaintiff's consumer credit report, it would have reviewed the documentation provided to it from Defendant KDS and would have removed any reference to Defendant KDS' and Defendant COF's January 8, 2018, inquiries contained in Plaintiff's consumer credit report, given that such inquiries were conducted without a permissible purpose, in violation of 15 U.S.C. § 1681b(f).

60. Instead, Defendant prepared Plaintiff's consumer credit report without following reasonable procedures to ensure maximum possible accuracy, in violation of 15 U.S.C. § 1681e.

61. Defendant TU's violations were willful, rendering it liable for damages in an amount to be determined by the Court, pursuant to 15 U.S.C. § 1681n.

62. Alternatively, Defendant TU's violations were negligent, rendering it liable for damages, pursuant to 15 U.S.C. § 1681o.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendants for:

- actual, statutory, and punitive damages, and costs and attorney's fees for Defendants' violations of the FCRA, pursuant to 15 U.S.C. §§ 1681n and 1681o.; and
- such other and further relief as the Court may deem just and proper.

Dated this 2nd day of November 2018.

Respectfully submitted,

By: s/Thomas J. Lyons Jr.
Thomas J. Lyons, Jr., Esq.
Attorney I.D. #249646
**CONSUMER JUSTICE CENTER, P.A.**
367 Commerce Court
Vadnais Heights, MN 55127
Telephone: (651) 770-9707
Facsimile: (651) 704-0907
tommy@consumerjusticecenter.com

*ATTORNEY FOR PLAINTIFF*

# VERIFICATION OF COMPLAINT AND CERTIFICATION BY PLAINTIFF

STATE OF WISCONSIN )
                               ) ss
COUNTY OF <u>Milwaukee</u> )

      I, Elizabeth Stewart, having first been duly sworn and upon oath, depose and say as follows:

1. I am the Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorney and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief, formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.

                                                      s/Elizabeth Stewart
                                                      Elizabeth Stewart

Subscribed and sworn to before me
this <u>1</u> day of <u>November</u> 2018.


s/David Zuel
Notary Public